SEYFARTH SHAW LLP
Lawrence E. Butler (SBN 111043)
*lbutler@seyfarth.com*
Giovanna A. Ferrari (SBN 229871)
*gferrari@seyfarth.com*
Patty H. Lee (SBN 245192)
*plee@seyfarth.com*
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
*abelzer@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
PharmaCare US, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KANFER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACARE US, INC.,<br><br>Defendant. | Case No. 3:15-cv-00120-H (JLB)<br><br>**PHARMACARE US, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently with Memorandum of Points and Authorities, Separate Statement; Declaration of Lawrence E. Butler, and Declaration of Art Rowe-Cerveny, Request for Judicial Notice]<br><br>Date:      October 17, 2016<br>Time:      10:30 AM<br>Dept:       15A<br>Judge:     Honorable Marilyn L. Huff |

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. 3:15-CV-00120 H (JLB)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2016, at 10:30 a.m., or as soon thereafter as counsel can be heard before the Honorable Marilyn L. Huff in Courtroom 15A on the 15th Floor of the above-entitled court located at 333 West Broadway, San Diego, California, 92101, Defendant PharmaCare US, Inc. ("PharmaCare"), through counsel, will and hereby does move for summary judgment.

The motion specifically is based on the grounds that there are no genuine disputes of any material fact as to any of Plaintiff Jonathan Kanfer's claims. In light of the Court's denial of Kanfer's Motion for Class Certification (Doc. 73), this action now only concerns Kanfer's individual and unsubstantiated claims against PharmaCare under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), California express and implied warranty law, and the federal Magnuson-Moss Warranty Act ("MMWA").

Kanfer's claims are based on the same alleged false and misleading statements on the IntenseX package that were at issue in the action of Sandoval v. PharmaCare US, Inc., case no. 3:15-cv-00738-H-JLB ("Sandoval Action"). On August 30, 2016, this Court granted PharmaCare's Motion for Summary Judgment in the Sandoval Action (Doc. 84) finding, in part, that the alleged false and misleading statements were too vague, general and subjective to be actionable. (Request for Judicial Notice ("RJN"), Ex. 1.) Just as the Court did in the Sandoval Action, PharmaCare requests the Court to enter summary judgment in its favor as to all causes of action for the following reasons:

First, Kanfer's UCL, FAL, and CLRA claims fail to the extent they are based on: (1) representations appearing on the IntenseX website that Kanfer did not rely on; (2) allegations that PharmaCare makes impermissible disease claims about IntenseX considering the Court's prior ruling that such a theory is preempted by the FDA and its

1  regulations; (3) allegations that IntenseX is a drug, considering Kanfer testified that he
2  does not believe IntenseX is a drug; and (4) non-actionable puffery.

3  Second, Kanfer's UCL and FAL claims also fail because he seeks overly broad
4  restitution and disgorgement of monies he has no ownership interest in, and injunctive
5  relief is not warranted since Kanfer cannot show that he will incur the alleged harm
6  again.

7  Third, Kanfer's warranty claims fail because there are no actionable affirmations
8  of fact or promise or description of goods on the IntenseX package and Kanfer cannot
9  show that he actually relied on any statements appearing on the IntenseX website.

10 Fourth, Kanfer's MMWA claim fails because (1) they are based on state law
11 warranty claims that lack merit; (2) MMWA does not apply since the FDCA and its
12 implementing regulations govern IntenseX's label; and (3) the statements on IntenseX's
13 packaging do not constitute a warranty under the MMWA.

14 For these reasons, as explained in further detail below, this Court should grant
15 summary judgment.

16 PharmaCare's Motion for Summary Judgment is based upon this Notice of Motion,
17 the Memorandum of Points and Authorities in support thereof, the declaration of
18 Lawrence E. Butler and exhibits thereto, the declaration of Art Rowe-Cerveny, request
19 for judicial notice, all documents in the Court's file, any matters of which this Court may
20 take judicial notice, and any evidence of argument presented at or prior to the hearing on
21 this matter.

22 PharmaCare seeks an order granting summary judgment on all of Kanfer's claims.

| | | |
|---|---|---|
| 1 | DATED: September 15, 2016 | SEYFARTH SHAW LLP |
| 2 | | |
| 3 | | By */s/ Lawrence E. Butler* |
| 4 | | Lawrence E. Butler<br>Giovanna A. Ferrari |
| 5 | | Aaron Belzer<br>Patty H. Lee |
| 6 | | |
| 7 | | Attorneys for Defendant<br>PharmaCare US Inc. |

28328412v.1